FILED
2021 Sep-17 PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ALEX TROY** § | |
| § | |
| **PLAINTIFF,** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO.: CV-2021-** |
| § | |
| **EXPRESS OIL CHANGE, LLC** § | |
| § | |
| **DEFENDANT.** § | **JURY DEMAND REQUESTED** |

**COMES NOW** Plaintiff Alex Troy (hereinafter "Troy" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against Express Oil Change, LLC (hereinafter "Express Oil" or "Defendant") for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction in the Northern District of Alabama.

3. At all relevant times herein, the Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times herein, the Defendant employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendant engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

**PARTIES**

5. Plaintiff Troy is an adult, is nineteen (19) years of age or over, and is a resident of Birmingham, Alabama. Plaintiff performed work for the Defendant in Jefferson County, which is in the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. Express Oil Change, LLC is a foreign limited liability company registered to do business in Alabama that operates an oil change business known as the Riverchase Express Oil location, located at 3635 Lorna Road, Birmingham, AL

35216.  Defendant has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. At all times material to this action, the Defendant has been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

8. Express Oil is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

9. At all times relative to this action, Defendant has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA.  The Plaintiff worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

11. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

12. Plaintiff began working for Defendant at the Riverchase location in September of 2019 and continued working full time until he was terminated in July of 2020.

13. Plaintiff worked for Defendant during that time, sometimes in the position of "Hood Technician" and sometimes in the position of "Pit Man." Plaintiff was, at all times, a non-exempt employee per the FLSA.

14. In doing so, Plaintiff sometimes performed services that were involved in interstate commerce, and communicated data and correspondence used for direct or direct interstate transmission.

15. The Plaintiff's work for the Defendants was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

16. Plaintiff's work duties consisted of, among other duties, inspecting customers' cars' fluid levels, performing multi-point inspections on vehicles, checking and adding air to tires, inspecting belts, hoses and wiper blades, servicing grease fittings, universal joints and steering knuckles using grease guns, etc.

17. Plaintiff worked five days a week on some weeks, six days a week on some weeks. Plaintiff typically began his work duties at 7:15 am to 7:30 am but was often not allowed to clock in until after he had been already performing work duties for a time. He was generally allowed to clock in during the 7:30 am to 8:00 am

range. Plaintiff routinely worked without a legitimate, non-working lunch break or other break.

18. Plaintiff was paid at an hourly rate that varied from $9.00 an hour and upwards at separate times during his employment with Defendants. Plaintiff was also paid commissions that also varied during his employment.

19. However, the Defendant only paid Plaintiff for some of the hours that he was clocked in. The Plaintiff was not paid anything for some of the hours that he worked including the off-the-clock hours that he worked before he was allowed to clock in. Further, those hours worked were not included in the computation of the Plaintiff's hours in the workweek for overtime purposes.

20. As a result of the Defendant's practices, Plaintiff worked multiple hours every workweek for which he received no compensation whatsoever. Additionally, Plaintiff worked well over 40 hours every week but did not get the proper amount of overtime pay for all of the additional hours that he worked.

21. Further, Defendant had a policy and practice of not including Plaintiff's weekly commissions in his weekly wages when computing Plaintiff's effective regular rate and his overtime rate – this failure resulted in an underpayment of overtime wages in multiple weeks during Plaintiff's employment with Defendant.

22. Plaintiff brought these and other pay problems to the attention of the Defendant and complained about these pay practices, and they were not properly corrected.

23. In fact, after Plaintiff complained about these and other practices of Defendant to the manager of the Riverchase Express Oil location, James Chastain, the Defendant retaliated against Plaintiff by treating him worse that before he had complained, and later firing him for pretextual reasons.

24. Throughout his employment with Defendant, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in each and all weeks, but was not paid at a rate of at least 1.5 times his regular rate (including commissions) for <u>each</u> and all hours worked in excess of forty hours in each week.

25. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate (including commissions) of pay for each and all hours worked in excess of forty hours a week.

26. At all relevant times herein, Defendant's overtime violation included Defendant's failure to include the commissions paid to Plaintiff in the calculation of Plaintiff's overtime wages.

27. Upon information and belief and at all times relevant herein, Plaintiff worked about 53 or more hours each week for Defendants. Plaintiff's work hours

and wages will be refined when Defendant produces Plaintiff's employment, wage and time records they were required to keep under the FLSA along with accurate copies of all such records.

## COUNT ONE – FLSA OVERTIME VIOLATIONS

28. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

29. The Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff at one-and-one-half the regular minimum wage hourly rate per hour for hours that he worked in excess of forty hours per week during the Plaintiffs' employment as described in this Complaint.

30. Defendant has failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

31. The Defendant's failure to pay the Plaintiff overtime pay is impermissible under the FLSA.

32. The Defendant has failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

33. The Defendant's willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

34. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

35. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

36. The Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. The Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

38. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendant from the Plaintiff for which the Defendant is liable pursuant to 29 U.S.C. § 216(b).

**COUNT TWO – FLSA Retaliation**

39. Plaintiffs adopt by reference each and every material averment set out above as if fully set forth herein.

40. Defendants willfully, knowingly and/or recklessly violated the provision of FLSA which prohibits an employer from "discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..." 29 U.S.C. § 215(a)(3).

41. "The FLSA prohibits retaliation against any person who has filed a complaint with the Department or an employer (orally or in writing) or cooperated in an FLSA investigation." *United States. Equal Employment Opportunity Commission. [Washington, D.C.] : EEOC Fact Sheet: Retaliation Based on Exercise of Workplace Rights is Unlawful; Dec. 10, 2015.*

42. The actions of the manager of the Riverchase Express Oil location, James Chastain, in retaliating against Plaintiff by treating him worse and later firing him for pretextual reasons, after Plaintiff complained about him about, among other things, Defendant's failure to properly record and pay his wages and overtime, constitutes a prima facia case of retaliation and was carried out with retaliatory intent.

43. Because Defendants have unlawfully retaliated against Plaintiff, he is entitled to reinstatement, back pay, front pay, compensatory and liquidated damages, punitive damages, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C. That this Court award the Plaintiff judgment against the Defendants for all applicable compensatory damages including lost wages, punitive damages, reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper and just.

## PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

Dated this 17th day of September, 2021.

    Respectfully,

*S/David A. Hughes*
David A. Hughes (ASB 3923-U82D)
*Attorney for Plaintiff*
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

## ADDRESS OF DEFENDANT'S REGISTERED AGENT FOR SERVICE OF PROCESS

Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104